EMMA P. WARD *v.* RONALD HAROLD WARD

[No. 1210, September Term, 1980.]

*Decided March 12, 1981.*

The cause was submitted on briefs to GILBERT, C. J., and LOWE and MACDANIEL, JJ.

Submitted by *Thomas A. Gentile* and *Harry W. Goldberg, P.A.* for appellant.

Submitted by *Elliott B. Adler* and *Perito, Duerk, Carlson & Pinco, P.C.* for appellee.

MACDANIEL, J., delivered the opinion of the Court.

This is an appeal from a Decree of Divorce entered August 7, 1980, in the Circuit Court for Prince George's County.

Appellant Emma P. Ward challenges those portions of the chancellor's decree pertaining to the disposition of marital real property. Essentially, she argues that the chancellor misconstrued and misapplied Title 3, Subtitle 6A (Property Disposition in Divorce and Annulment) of the Maryland Courts and Judicial Proceedings Article. We agree and shall remand for further proceedings.

Appellant Emma P. Ward and appellee Ronald Harold Ward were married in 1965. No children were born of the marriage.

In 1973 the parties purchased a residence in Clinton, Maryland, which was titled in both names as tenants by the entireties. In May 1977 and September 1977 the parties entered into two separate land installment contracts for two separate lots in New Jersey. These contracts fell into default in June 1978. Thereafter appellee entered into new contracts for these two lots in his own name.

The parties first separated in 1976 and, except for brief periods of reconciliation, remained so until their divorce in 1980. Appellant instituted proceedings on February 13, 1979, by filing a Bill of Complaint for Divorce *a mensa et thoro,* alleging cruelty and constructive desertion.[1] Appellee answered and on August 6, 1979, filed a Cross-Bill of Complaint for Divorce *a vinculo matrimonii* on the ground of adultery. The case came on for trial on March 17 and 18, 1980, and on August 7, 1980, the chancellor entered his Order denying appellant's bill, granting appellee's cross-bill, and making certain dispositions as to the parties' marital property, some of which are the subject of this appeal.

Appellant takes issue with the following rulings by the chancellor contained in his "Order of Court" dated August 7, 1980:[2]

---

1. In the Circuit Court for Prince George's County, Equity No. DR 79-524. Appellant orally amended her Bill at trial so as to request a divorce *a vinculo matrimonii.*

2. Those rulings by the chancellor in the August 7, 1980 "Order of Court" not contested are hereby affirmed.

"ORDERED, that the defendant/cross-plaintiff's interest in the property known as 12404 Tove Court, Clinton, Maryland be and it is hereby declared to be a total interest, less $10,000, and it is further

ORDERED, that the plaintiff/cross-defendant's interest in the property known as 12404 Tove Court, Clinton, Maryland be and the same is hereby declared to be $10,000, and it is further

ORDERED, that the defendant/cross-plaintiff's interest in the properties known as Lot No. 1, Block No. 10, Delaware Bay Estates, Bridgeton, New Jersey, Lawrence Township; and in lot No. 9, Block No. 33, Egg Harbor Manor, Mays Landing, New Jersey, be and it is hereby declared to be a total interest, and it is hereby. . ."

Those portions of Title 3, Subtitle 6A — Property Disposition in Divorce and Annulment — of MD. CTS. & JUD. PROC. CODE ANN. (1980 Repl. Vol.) applicable to the issues are:

"3-6A-04 REAL PROPERTY

(a) When granting an absolute divorce or annulment, the court may resolve any dispute between the spouses with respect to the ownership of real property. However, the court may not transfer the ownership of real property from one spouse to the other.

(b) In accordance with the court's determination of the ownership of real property, the Court may:

(1) Grant a decree which states what the ownership interest of each spouse is; and

(2) As to any jointly held property, order a partition or sale in lieu of partition and a division of the proceeds.

3-6A-05. MONETARY AWARD IN ADJUSTMENT OF PARTIES' RIGHTS IN MARITAL PROPERTY.

(a) In granting an absolute divorce or annulment, or at any time within 90 days

thereafter, if in its decree granting the divorce or annulment the court has expressly reserved the power to do so, the Court shall determine which property is marital property if the division of property is an issue. Family use personal property or the family home shall not be considered marital property so long as it is the subject of a use and possession order.

(b) The court shall determine the value of all marital property. After making the determination, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded. The amount of the award and the method of its payment shall be determined after considering each of the following factors:

(1) The contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) The value of all property interests of each spouse;

(3) The economic circumstances of each spouse at the time the award is to be made;

(4) The circumstances and facts which contributed to the estrangement of the parties;

(5) The duration of the marriage;

(6) The age and the physical and mental condition of the parties;

(7) How and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

(8) Any award or other provision which the court has made under this Subtitle 6A with respect to family use personal property or the family home, and any award of alimony; and

(9) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

(c) A monetary award made under this section may be reduced to a judgment to the extent that any part of the award is due and owing."

We will consider first appellant's challenge to the chancellor's disposition of the parties' Clinton, Maryland, property. The record fails to reflect whether this disposition, awarding appellant a $10,000 interest in the property, was made pursuant to § 3-6A-04 or § 3-6A-05 of the Subtitle, but in either case it was wholly unauthorized.

Section 3-6A-04 only applies where ownership of real property is disputed, but there was no such dispute here. Unquestionably, the parties held title to their property as tenants by the entireties, that is, each owned an undivided half interest in it. The chancellor awarded appellant a fixed sum of $10,000 in substitution of that one-half interest. In so doing, he effected a transfer of the ownership of the property from one spouse to another, which § 3-6A-04 (a) flatly forbids him to do.

On the other hand, if the disposition were made pursuant to § 3-6A-05, it was equally erroneous. As its caption suggests, that section permits the chancellor to grant a monetary award in adjustment of the parties' rights in marital property, but only after the court has first determined the value of all marital property, and then considered each of the nine factors specified. But the chancellor's Order did not contain, or amount to, *any* monetary award *per se*. The reduction of appellant's title interest, from one-half to a $10,000 fixed sum, will not suffice. Even assuming, *arguendo,* that a monetary award had been made, there is nothing whatever in the record to reflect whether the *award* was based upon the factors enumerated in the section. Finally, there is nothing whatever in § 3-6A-05 which permits the chancellor to affect title to, or the interests in, a specific piece of property.

The chancellor's disposition of the New Jersey vacation properties is also deficient. There is nothing in the record to reflect whether the property was found to be marital property as defined in the Subtitle. If upon remand the chancellor

arrives at such a conclusion, the record should reflect any basis for this finding.

Because portions of the chancellor's Order are fatally at variance with the provisions of Title 3, Subtitle 6A of the *Courts* Article, they must be corrected.

> *Decree affirmed in part and reversed in part.*
> *Case remanded for further proceedings consistent with the views stated in this opinion.*
> *Appellee to pay the costs.*