PRESTON AYARS, JR. *v.* JEAN R. AYARS

[No. 99, September Term, 1981.]

*Decided November 4, 1981.*

The cause was argued before LOWE, COUCH and WEANT, JJ.

*Richard Eli Jackson* for appellant.

No brief or appearance by appellee.

WEANT, J., delivered the opinion of the Court.

The court action in this dustup commenced on 2 October 1979 when Jean R. Ayars, appellee, filed a bill of complaint for divorce *a vinculo matrimonii* and other relief against Preston R. Ayars, Jr., appellant. A decree of divorce dated 15 December 1980 was filed on 16 December 1980 in the Circuit Court for Cecil County. In addition to granting the divorce to Jean R. Ayars as requested, the decree held that the real property of the parties is marital property directing that it be sold at public sale and that the proceeds be divided 75% to Jean R. Ayars and 25% to Preston R. Ayars, Jr. It is from this decree that this appeal was taken.

Although the appellee has filed no brief the appellant has set forth what is titled an "Agreed Statement of Facts." Since we have heard nothing to the contrary from the appellee, we assume that the facts contained therein are correct. They are reproduced below.

> The parties were married on July 30, 1954; they separated on June 24, 1978 and executed a marital separation and settlement agreement on June 27, 1978. Among other assets, they jointly own an approximately 1 acre parcel of real property, located near Elkton, Maryland and improved by a dwelling. Paragraph 4 of the separation agreement conferred upon Appellant the right to reside in the real property until "the parties agree on a disposition of same or until the house is sold." (E-5) The parties have never agreed on a disposition of the real property nor has it been sold.
>
> The said real property was inherited, during the marriage of the parties, by Appellant Mr. Ayars

and his sister, as co-tenants. Later, during the marriage and before the separation, Appellee Mrs. Ayars purchased the one-half share of Appellant's sister for $11,607.00, which sum Appellee raised by selling stocks which she had inherited. Mr. and Mrs. Ayars then took title as tenants by the entireties and have held the property as tenants by the entireties at all times since.

After the parties took title as tenants by the entireties, and prior to their separation, they expended a total of $42,360.00 on renovations to the dwelling on the real property, which they occupied as their home. This amount was raised by way of bank loans evidenced by notes signed by both parties. During the marriage and prior to the separation, Mrs. Ayars applied $27,813.00 from the sale of her inherited stocks to reduction of the renovation loans. As of the date of separation the loan balance was $2,862.34; as of the date of trial and of the Decree the loan balance was $1,862.34.

It is argued by the appellant that the circuit court erred in apportioning to the appellee 75% of the proceeds from the judicial sale of the jointly owned real property of the parties. We agree.

During the marriage the approximate 1 acre of land in question was inherited by the appellant and his sister as co-tenants. Thereafter, before the separation, the appellee purchased the sister's one-half share for $11,607.00 from money which she raised by selling stock which she also had inherited.

At this point the property was directly traceable to inheritance by both parties and was not marital property by reason of subtitle 6A of the Courts and Judicial Proceedings article of the Annotated Code of Maryland, subsection 3-6A-01 (e) which defines marital property as "all property, however titled, acquired by either or both spouses during their marriage. *It does not include* property acquired prior to the marriage, *property acquired by inheritance* or gift from a third

party, or property excluded by valid agreement or property directly traceable to any of these sources." (Emphasis added). However, they then took title as tenants by the entireties and have held the property in that manner ever since. With this act the property became marital property by reason of a gift, each to the other. After the acquisition of the realty as entirety property and prior to the separation, the parties spent a total of $42,360.00 on renovations to the residence situated on the 1 acre. They raised this amount by means of bank loans. The appellee applied $27,813.00 to the reduction of the loan, having acquired this money by way of sale of her inherited stocks.

The question now arises as to the comparative interests in the real property of the parties. It has long been held in the State of Maryland that payments during the marriage by one spouse toward the purchase or improvement of real property owned as tenants by the entireties are presumed to be gifts to the other spouse. *Klavans v. Klavans,* 275 Md. 423, 427, 341 A.2d 411, 416 (1975); *McCally v. McCally,* 250 Md. 541, 545, 243 A.2d 538, 541 (1968); *Anderson v. Anderson,* 215 Md. 483, 488-89, 138 A.2d 880, 883 (1958); *Brell v. Brell,* 143 Md. 443, 450, 122 A. 635, 637 (1923); *Reed v. Reed,* 109 Md. 690, 692-93, 72 A. 414, 415 (1909); *Young v. Young,* 37 Md. App. 211, 220, 376 A.2d 1151, 1157 (1977); *DiTommasi v. DiTommasi,* 27 Md. App. 241, 255, 340 A.2d 341, 349 (1975); *Klavans v. Klavans,* 23 Md. App. 144, 146, 326 A.2d 26, 27 (1974). In this record we find nothing to rebut this presumption and hence the moneys put into the property towards purchase and renovations by the appellee should be considered as gifts to the appellant. In fact we are told that the parties do not dispute that each owns an undivided one-half interest in the property. Consequently, we arrive at the determination that the trial court erred in its division of the real property of the parties, which we assume was done pursuant to subsection 3-6A-04. We conclude that each owns an undivided one-half interest as tenants in common.

Had the chancellor wanted to take into consideration the contributions of the parties, as is apparent in his 75-25% award of the proceeds of the sale of the property, he could

have done so by a monetary award under 3-6A-05 (b). This, however, requires the determination of the value of the marital property and the grant of a specific amount. While it is not inconceivable that this might have ultimately forced the sale of the real property to satisfy the monetary award, the circumstances of this case do not accommodate the accomplishment under 3-6A-04 of the court's manifest goal of adjusting the equities and rights of the parties.

Although the court was correct in its holding that the property in question should be classified as marital property under our class dialect, his determination of the ownership interest was incorrect and we shall remand for disposition under Courts and Judicial Proceedings Article of the Annotated Code of Maryland, Section 3-6A-04 in accordance with this opinion.

*Reversed and remanded.*
*Costs to be paid by the appellee.*