EMMA P. WARD *v.* RONALD HAROLD WARD

[No. 1201, September Term, 1981.]

*Decided September 3, 1982.*

The cause was argued before GILBERT, C. J., and MOORE and WILNER, JJ.

*Thomas A. Gentile,* with whom was *Harry W. Goldberg, P.A.* on the brief, for appellant.

*Elliott B. Adler,* with whom were *Perito, Duerk, Carlson & Pinco, P.C.* on the brief, for appellee.

Moore, J., delivered the opinion of the Court.

Appellant Emma P. Ward again appeals to this Court, following our remand to the Circuit Court for Prince George's County in *Ward v. Ward,* 48 Md. App. 307, 426 A.2d 443 (1981) (*Ward I*). This time she complains that the chancellor "effectively ignored" our mandate by granting a monetary award which far exceeds the value of all marital property. Also, appellant asserts, neither the findings of fact nor the evidence justified a $50,000 award to the husband, or a deviation from the presumption of equal division of the parties' former matrimonial residence. We shall vacate the judgment and remand.

## I

The pertinent facts may be briefly stated. Appellant and appellee Ronald Harold Ward were married in 1956. They had no children. The couple first separated in 1976 and, except for brief periods of reconciliation, remained apart until their divorce in 1980. After a trial in March of that year, the chancellor denied appellant's amended bill for divorce *a vinculo matrimonii,* granted appellee's cross-bill on the ground of adultery, and disposed of certain marital property, including two vacation lots in New Jersey.[1] The chancellor also awarded appellant a fixed sum of $10,000 in substitution of her one-half interest in the parties' marital home in Clinton, Maryland, which they owned as tenants by the entireties.

On appeal (*Ward I*), the wife argued that the chancellor had misconstrued and misapplied the property disposition statute. We agreed, holding that the $10,000 award was not authorized by either § 3-6A-04 or § 3-6A-05. *Id.* at 311. We

---

1. These properties were originally bought in 1977 in the names of both husband and wife for $14,495. The contracts on the lots fell into default in 1978, and thereafter, the husband took title in his name alone on new contracts. The eventual disposition of the properties was not raised in this appeal.

also found that, in effect, the award transferred ownership of the property from one spouse to the other, in contravention of § 3-6A-04; and that, if the $10,000 interest were intended to be a monetary award under § 3-6A-05, it did not comport with the directions of that section. *Id.*

Upon remand, no new testimony was taken, by mutual agreement. Both parties submitted proposed findings of fact, conclusions of law, and forms of decrees based upon the evidence adduced at trial in March 1980. Except for the proposed decree, these documents were essentially identical. The chancellor adopted appellee's decree which contained typed-in awards of $50,000 to the husband and $10,000 to the wife "in adjustment of [their] equities in the marital property." [2]

## II

The applicable statute, Md. Cts. & Jud. Proc. Code Ann. § 3-6A-05 (1980 Repl. Vol.), which empowers a court to distribute assets acquired during marriage through a monetary award, *Pitsenberger v. Pitsenberger,* 287 Md. 20, 25, 410 A.2d 1052 (1980), *appeal dismissed,* 449 U.S. 807 (1980), is reproduced in *Ward I,* 48 Md. App. at 309-11. The statute permits a court to make an award of money "in accordance with the announced policy of the legislature which is to give

---

[2]. Appellant's proposed decree correctly set out the chancellor's alternatives, leaving *blank* spaces for the appropriate amount. We reproduce it here:

"The Court concludes as a matter of law that Ronald H. Ward is entitled to a divorce a vinculo matrimonii from Emma P. Ward, and that

(Emma P. Ward is entitled to a monetary award in the sum of $_____).
(Ronald H. Ward is entitled to a monetary award in the sum of $_____).
(Neither party is entitled to a monetary award).

Therefore, it is by the Circuit Court for Prince George's County, Maryland, this _____ day of _____, 1981,

ORDERED, that the defendant Ronald H. Ward, be and he is hereby divorced A Vinculo Matrimonii from Emma P. Ward, and it is further,

(ORDERED, that a monetary award in the sum of $_____ is granted to _____,) and it is further,

ORDERED, that the costs of these proceedings be divided equally between the parties.

David Gray Ross
JUDGE"

careful consideration to both monetary and non-monetary contributions by the spouses to the marriage." *Wimmer v. Wimmer,* 287 Md. 663, n.2 at 667, 414 A.2d 1254 (1980). The monetary award is designed to accomplish an equitable division of the marital property in an indirect manner. *Ohm v. Ohm,* 49 Md. App. 392, n.2 at 396, 431 A.2d 1371 (1981). The statute does not require an equal division of marital property, nor does it contemplate too harsh a decretal award. *Deering v. Deering,* 292 Md. 115, 131, 437 A.2d 883 (1981). The clear intent is to counterbalance any unfairness that may result from the actual distribution of property acquired during the marriage, strictly in accordance with its title.

Section 3-6A-05 envisions a three-step process. *Harper v. Harper,* 294 Md. 54, 448 A.2d 916, 928-29 (1982) 294 Md. at 79: 1) if an equitable adjustment over and above the distribution of the spouse's property in accordance with its title is an issue, the court shall determine which property is marital property; 2) the court shall then determine the value of all marital property; 3) finally, the court *may* make a *monetary award as an adjustment* of the parties' "equities and rights" concerning marital property, whether or not alimony is awarded. *If* an award is deemed appropriate, the court shall then consider each of the nine factors enumerated in § 3-6A-05 (b) in determining a fair and equitable amount and the method of its payment.

The monetary award is thus an addition to and not a substitution for a legal division of the property accumulated during marriage, according to title. It is "intended to compensate a spouse who holds title to less than an equitable portion" of that property. Note, Property Disposition Upon Divorce in Maryland: An Analysis of the New Statute, 8 U. Balt. L. Rev. 377, 386 (1979). As the Note suggests, the monetary award is similar to alimony in gross, a lump sum award for the present value of a wife's inchoate marital rights. *Id.* at 393. It is important to realize that the monetary award is purely discretionary.[3] Section 3-6A-05 may not be

---

3. The discretionary nature of Md. Cts. & Jud. Proc. Code Ann. § 3-6A-05 (1980 Repl. Vol.) is demonstrated not only by use of the word "may" but also

applicable in every or even most divorce cases. What triggers operation of the statute is the claim that a *division* of the parties' property according to its title would create an inequity which could be overcome through a monetary award. Further, the initial determination of what constitutes marital property does *not* depend upon any consideration of the nine factors in § 3-6A-05 (b). *Harper, supra,* 448 A.2d at 928-29. Marital property is broadly defined in § 3-6A-01 (e) as "all property, however titled, acquired by either or both spouses during their marriage" subject to the exceptions listed.

Tracking the language of § 3-6A-05 (a), we know that division of the property in this case was an issue because the wife charged in her bill of complaint that the husband appropriated to his own use property in which she had an interest.[4] In step 1, the chancellor determined that the only marital property was the couple's home at 12404 Tove Court, Clinton, Maryland, the other property having been disposed of. In step 2, the chancellor found that the net value of the marital property was $32,000. In step 3, the chancellor presumably decided that a monetary award was necessary in view of the parties' interests in the marital home and other circumstances. He then considered each of the nine factors and found as follows:

> 1. Each party contributed over the course of the marriage to marital property and to family finances in varying amounts depending upon the employment and educational status of the husband and wife at particular times throughout the marriage [§ 3-6A-05 (b) (1)];
>
> The wife contributed approximately $5,000 to

---

by the fact that the chancellor is permitted to set the method of payment of a monetary award. For example, a $10,000 award to a party might be paid in monthly installments over a period of years. In this manner, a partition and sale of the marital home or other property to pay a monetary award could be avoided. *See* Ayars v. Ayars, 50 Md. App. 93, 436 A.2d 490 (1981).

4. In her bill of complaint, the appellant wife sought a determination of the parties' rights, a partition of the jointly-held property "in a fair and equitable manner," and a monetary award in adjustment of her rights, pursuant to Md. Cts. & Jud. Proc. Code Ann. § 3-6A-05 (1980 Repl. Vol.).

the initial purchase of the parties' marital home from her own resources *[Id.]*;

Since the parties' separation in 1976, the husband has had full use of the marital home, and has also paid the mortgage, taxes and upkeep *[Id.]*;

The value of the house has appreciated substantially since its purchase in 1973 for $36,000 *[Id.]*;

The husband is entitled to some credit for his upkeep of the home during the last few years of the marriage, and both parties are entitled to share in the appreciated value of the home *[Id.]*;

The marital home of the parties is in both names *[Id.]*;

2. The testimony reflected that the marital home has an existing mortgage of approximately $28,000, and thus equity in the home at the time of trial was approximately $32,000, which corresponds to the total value of jointly owned marital property [§ 3-6A-05 (b) (2)];

3. Both parties are in relatively stable economic situations and the court does not deem this factor relevant in this case [§ 3-6A-05 (b) (3)];

4. Although the wife testified that the parties separated because of the husband's cruelty, this allegation was not adequately corroborated. The only evidence of the wife's adultery was several years after the parties' separation, and thus this factor has no bearing on the monetary award in this case [§ 3-6A-05 (b) (4)];

5. The marriage lasted for 16 years, but in view of the parties' generally equal contributions, this factor alone is not relevant to the monetary award [§ 3-6A-05 (b) (5)];

6. Both parties are in their 30s and are in good general health although the wife testified to a number of chronic physical problems. The Court

does not deem this factor relevant in making the monetary award [§ 3-6A-05 (b) (6)];

7. The testimony at trial revealed that both parties participated in the selection of the marital home in Tove Court prior to purchase [§ 3-6A-05 (b) (7)];

8. The Court has not made an award under subtitle 6A with respect to family use, personal property or the family home, nor any award of alimony [§ 3-6A-05 (b) (8)]; and

9. The Court deems no other factors necessary or appropriate to consider in order to arrive at a fair and equitable monetary award [§ 3-6A-05 (b) (9)].

Based on these findings of fact the court concluded as a matter of law that:

"The real property known as 12404 Tove Court, Clinton, Maryland, is marital property and that the said real property is the only marital property now before the Court as all other marital property was disposed of previously;

The Wife is entitled to a monetary award in the amount of $10,000.00 in adjustment of her equities in the marital property;

The Husband is entitled to a monetary award in the amount of $50,000.00 in adjustment of his equities in the marital property."

The obvious flaw here is that the chancellor has made two awards, each purporting to adjust the individual equities in the marital property. The statute calls for *a monetary award as an adjustment* of the parties' rights and equities. The use of the singular "award" is clear and deliberate — the General Assembly intended that one award would balance the equities between the parties after each of the nine factors had been weighed.

In this case, the inescapable conclusion flowing from a consideration of the nine factors is that the balance was

even. The chancellor found that factors (3), (4), (5), (6), and (9) were irrelevant; that both parties participated in the selection of the property prior to purchase (7); that no award has been made under § 3-6A-03 or 06 (8); and that each party contributed over the course of the marriage in varying amounts depending upon employment and education status (1). Also, under factor (1), the court found that the wife had contributed $5,000 to the initial purchase of the marital home from her own resources; that the husband had lived in the home since the parties separated in 1976; that he had paid the mortgage and taxes since then; that the value of the house had appreciated from $36,000 to $60,000; that both parties were entitled to share in the appreciation, and that the husband is entitled to some credit for his upkeep of the home.

Based on these findings of fact, the chancellor's ruling violates the most basic principles governing monetary awards. Since the function of a monetary award is to adjust the parties' equities in the marital property,[5] it is elemental that a court cannot make an award whose amount exceeds the total value of the marital property. Here the court awarded $50,000 (or a net of $40,000) based on marital property worth only $32,000. Second, the statute contemplates but one net monetary award — or none — but certainly not two. There is no authority in § 3-6A-05 for making a $50,000 award to one spouse and a $10,000 award to the other. Finally, it is clear from the record that the chancellor gave no more than lip service to the nine factors. We see nothing

---

5. The preamble to Md. Cts. & Jud. Proc. Code Ann. § 3-6A-01 *et seq.* (1980 Repl. Vol.) states that "marriage is a union of two individuals having equal rights under the law. Both spouses owe a duty to contribute his or her best efforts to the marriage, and both, by entering into the marriage, undertake to benefit both spouses and any children they may have." Further, "when a marriage is dissolved, the property interests of the spouses should be adjusted fairly and equitably, with careful consideration being given to both monetary and non-monetary contributions made by the respective spouses to the well-being of the family, . . . ."

The language of the nine factors clearly points to a bottom-line approach to equitable resolution of the parties' interests in the specified marital property. The factors include each party's contributions and efforts to acquire the property, the value of all property interests, circumstances of estrangement, duration of the marriage, other awards such as alimony, and a catchall of any other factors "necessary and appropriate."

fair or equitable [6] in a five to one ratio, based on the court's findings. The effect of the chancellor's award is to give the husband the entire value of the marital property. Such a decision constituted clear error. Rule 1086, Maryland Rules of Procedure (1982 ed.); *Link v. Link,* 35 Md. App. 684, 371 A.2d 1146 (1977).

Where a monetary award *is* made, the parties' property interests are not affected. Here, the parties owned this marital property as tenants by the entireties. Their divorce made them tenants in common. As such, each has an undivided one-half interest in a property whose net value is $32,000. Where the parties are tenants in common of their former marital residence, and it is the only marital property at issue, an equal and equitable division may be accomplished without any court intervention. As tenants in common, either of the parties may petition for a sale of the home to recover his or her individual interest.[7]

Upon remand, the chancellor should reconsider the evidence or take new testimony to determine, first, if an award need be made at all, and if so, to set a single amount that would fairly adjust the parties' equities in the marital property after considering the nine factors.

> *Decree vacated insofar as it provides for monetary awards of $50,000 to the husband and $10,000 to the wife; otherwise, decree affirmed; case remanded for further proceedings consistent with this opinion; costs to be paid by appellee.*

---

**6.** The Governor's Commission on Domestic Relations Laws stated in its 1978 report proposing the Property Disposition Act that "equality is not necessarily equity" and the latter would best be served by giving individual attention to individual cases. The commission rejected the community property approach — in which each spouse receives exactly one-half of the total property. Report of Governor's Commission on Domestic Relations Laws at 15 (1978).

**7.** The chancellor found that the husband would be entitled to some credit for his upkeep of the home during the last few years of marriage. While appellant disputes such an entitlement, she points out in her brief that the matter could be raised in a partition suit. Md. Real Prop. Code Ann. § 14-107 (1981 Repl. Vol.).