597 A.2d 1007

**Clara G. FREESE**

v.

**Russell R. FREESE.**

No. 1987, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Nov. 1, 1991.

Certiorari Denied Feb. 12, 1992.

Robert S. Bourbon, Rockville, for appellant.

D. Warren Donohue, Rockville, for appellee.

Argued before GARRITY, FISCHER and CATHELL, JJ.

FISCHER, Judge.

Appellant, Clara G. Freese, appeals from an amended judgment of absolute divorce entered by the Circuit Court for Montgomery County on September 20, 1990.

The following issues are raised by appellant:

1. Did the trial court properly determine ownership and valuation of all marital property?

2. Did the trial court properly deny a monetary award and adjustment of the equities of the parties?

3. Did the trial court properly rule on the question of stock dividends received and held by appellee during the separation of the parties?

4. Did the trial court err in not including as marital property the traced asset promissory note from the prior

Bethesda house sale, together with interest income therefrom?

5. Did the trial court err in its award of alimony?

6. Did the trial court err in not reimbursing appellant for some or all of her detective fees?

The parties to this proceeding were married on September 17, 1955. Children were born to the marriage but are now emancipated. On August 17, 1984, Clara G. Freese filed a complaint for divorce alleging constructive desertion and adultery. Subsequently, a supplemental complaint and a second supplemental complaint were filed. The appellee, Russell R. Freese, filed a counter-complaint for divorce, and the matter was tried on December 18, 1986. Testimony was taken, and final argument was set for February 2, 1987. Following argument, the court proceeded to give its oral opinion disposing of the matter. The court found that the husband had committed adultery, awarded indefinite alimony to the wife in the amount of $400 per month, declined to make a monetary award, and declined to award the wife repayment of detective fees. The court did, however, award the wife attorney's fees totalling $6,000.

## I., II. & III.

Appellant's initial complaint is that the trial judge did not properly determine ownership and valuation of all marital property. Fam.Law Article Section 8–203 provides that, "[I]f there is a dispute as to whether certain property is marital property the court shall determine which property is marital property." Section 8–204 states, "The court shall determine the value of all marital property." Section 8–205 requires that after the court complies with 8–203 and 8–204 by determining what property is marital and the value of the marital property, the trial judge should proceed to consider and evaluate the factors set forth in § 8–205. These factors are:

(1) the contribution, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

(9) any award of alimony and any award or other provision that the court has made with respect to family use of personal property or the family home; and

(10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

It is clear that the foregoing statutes set out the responsibilities of the trial court in arriving at a reasonable monetary award that will fairly balance the equities between the parties.

In his oral opinion, the trial judge gave a recitation of the various properties he found to be marital property. The judge found the marital home to be valued at $127,000, JNB Securities worth $8,000, "securities check" amounting to $10,000 [1], E.F. Hutton account totalling $38,000, life insurance of $16,000, Nolan Company account worth $1,250, husband's retirement benefits of $10,707, profit sharing plan amounting to $20,745, household furnishings of approximately $5,000, husband's IRA worth $11,000, wife's IRA worth $2,800, and automobiles valued at $7,000. The court determined that the total value of all marital property was between $280,000 and $300,000. The trial judge concluded, "While the husband may have a little more marital

---

1. From our review of the exhibits, it appears that the judge was probably referring to a check from JNB Securities.

property than the wife, in the Court's opinion, there is nothing about any of the property in this case that makes it necessary to adjust the equities and rights of the parties concerning marital property, and the court will, therefore decline to make a marital [monetary] award."

It is impossible to determine how the trial judge arrived at his conclusion since he failed to follow the steps set out in the statutes. We and the Court of Appeals have repeatedly stated that it is mandatory for trial judges to carry out the provisions of Fam.Law Sections 8–203, 204 and 205. *Deering v. Deering*, 292 Md. 115, 121, 437 A.2d 883 (1981); *Quinn v. Quinn*, 83 Md.App. 460, 464, 575 A.2d 764 (1990); *Campolattaro v. Campolattaro*, 66 Md.App. 68, 73, 502 A.2d 1068 (1986); *Nisos v. Nisos*, 60 Md.App. 368, 382, 483 A.2d 97 (1984); *Cotter v. Cotter*, 58 Md.App. 529, 535, 473 A.2d 970 (1984); *Grant v. Zich*, 53 Md.App. 610, 614, 456 A.2d 75 *aff'd*, 300 Md. 256, 477 A.2d 1163 (1984); *Ward v. Ward*, 52 Md.App. 336, 339, 449 A.2d 443 (1982); *Ayars v. Ayars*, 50 Md.App. 93, 97, 436 A.2d 490 (1981).

Appellant filed a motion to reconsider, and the trial judge stated, "The only portion of this Opinion that I feel somewhat uncomfortable with is the marital property issue, and I would—and I am not in any way suggesting that I will or I won't reconsider. If both parties want to submit a list showing all of the property, its value, who owns it, the date of acquisition and an accounting, I will look at it and I will take your Motion for Reconsideration under advisement."

In response to the judge's request, on April 27, 1987, counsel for appellant sent a letter to the judge listing $118,495 in marital property plus an additional $9,500 which was disputed. Counsel for appellant requested that appellant be awarded one-half of the marital property or $59,-247.50 plus one-half of however the court resolved the dispute over the $9,500. The dispute concerned whether the appellee had collected $9,500 or $4,500 in dividend checks during the marital separation. Apparently, not finding

counsel's letter of April 27, 1987 to be of any assistance [2], the judge, on May 18, 1987, in a short opinion and order, stated, "[I]t is still the Court's opinion that a monetary award is not appropriate in this case."

■ In order to determine the appropriateness of a monetary award, it is necessary for the trial judge to determine what property is marital property and to assess the value of each item. After totalling the value of all the marital property, the court should then determine the value of the marital property titled as to each of the parties and the value of the marital property titled jointly. The court must also determine the value of non-marital property owned by each of the parties. Armed with this information, the court will be able to make an equitable adjustment if such is necessary.

■ In the case at bar, the court reviewed the property items in its oral opinion and made findings [3] as follows:

### MARITAL PROPERTY JOINTLY TITLED

| | |
|---|---:|
| 2117 Henderson Avenue | $127,000 |
| JNB Securities | 8,000 |
| E.F. Hutton account | 38,000 |
| Automobiles | 7,000 |
| Household furnishings | 5,000 |
| "Securities check" [JNB] | 10,000 |
| TOTAL | $195,000 |

### MARITAL PROPERTY TITLED IN HUSBAND

| | |
|---|---:|
| Cash value life insurance | $ 16,000 |
| Nolan Co. stock account | 1,250 |
| Retirement benefits | 10,707 |
| IRA | 11,000 |

---

2. We strongly urge trial counsel in marital property cases to provide trial courts with a proper accounting, in addition to the requirements of Md.Rule S74, clearly setting forth the respective property interests of the parties.

3. The trial judge did not attempt to categorize the properties. We have done so from the judge's oral opinion and the stipulated-to exhibits.

| | |
|---|---:|
| Profit sharing account | 20,745 |
| TOTAL | $ 59,702 |

### NON–MARITAL PROPERTY TITLED IN HUSBAND

| | |
|---|---:|
| Note | $ 25,000 |
| Bank account deriving from note | 6,000 |
| TOTAL | $ 31,000 |

### MARITAL PROPERTY TITLED IN WIFE

| | |
|---|---:|
| IRA | $ 2,800 |

### NON–MARITAL PROPERTY TITLED IN WIFE

| | |
|---|---:|
| 2 Rings | $ 2,000 * |

\* The court did not make a finding as to these items, but they were not contested by the parties.

In summary, this results in jointly titled marital property of $195,000, marital property of $59,702 titled in husband, and non-marital property of $31,000 titled in husband. In contrast, the wife has, in addition to her interest in the jointly owned marital property, marital property of $2,800 titled in her name and non-marital property of $2,000. Therefore, not including the jointly owned marital property in which the wife will share equally, the husband is left with $90,702 ($59,702 marital property titled in his name, and $31,000 non-marital) as opposed to the wife's total property value of $4,800 ($2,800 being marital property). If we assume that the parties will evenly divide $195,000 in jointly held marital property, the husband is allowed to retain marital property totalling $157,202, and the wife $100,300. He also has $31,000 non-marital or a total of $188,202 in assets, she has $2,000 non-marital property or a total of $102,300 in assets.

While the court did not so state, we must assume that the court was aware of this difference when it observed, "While the husband may have a little more marital property than the wife, in the Court's opinion, there is nothing about any of the property in this case that makes it necessary to

adjust the equities and rights of the parties concerning marital property, and the court will, therefore, decline to make a marital award."

The trial court also overlooked property which, when added to the appropriate category, further widens disparity of the respective financial positions of the parties. The evidence showed that the husband has possession of a bank account containing marital funds of $5,000 and possession of dividend checks claimed by the wife to total $9,500. The court made no finding as to either item, therefore, by default, the husband has been allowed to retain up to an additional $14,500 in jointly titled marital funds.

We disagree that the husband "may have a little more marital property than the wife." Our computations from the court's findings and the uncontested evidence are that the husband apparently has $71,402 more than the wife in marital funds and $29,000 more than the wife in non-marital funds.[4]

It is clear that the parties failed to furnish the court with an accounting of their respective property interests. In addition, we find nothing in the record to indicate that the trial court made any attempt to categorize the various properties. Therefore, the trial court may not have fully appreciated the substantial discrepancy in the respective amounts of marital property retained by each of the parties. Since the trial court failed to undertake the steps required by Sections 8–203 through 8–205 of the Family Law Article, we will remand to the trial court for further proceedings. This is not to say that a failure to make a monetary award is necessarily error. In an appropriate case, it may not be necessary to adjust the equities between the parties. In the case at bar, however, the equities may point toward a monetary award. For example, the husband is left with

---

4. The non-marital funds are important because Fam.Law Section 8–205(b)(2) provides that the trial court, in making its determination as to a monetary award, consider "the value of all property interests of each party."

substantially more marital property than the wife; the husband committed adultery; the husband has significantly more non-marital property than the wife; the husband's income is considerably higher than that of the wife. The trial court is vested with broad discretion in deciding whether to grant a monetary award, but the exercise of that discretion should be informed and based upon reason. We will, therefore, remand to the trial court for an appropriate disposition.

## IV.

█ Appellant avers that the trial judge erred in not including as marital property the assets [based upon the note] from the sale of the Bethesda house. Appellee inherited from his mother a one-half interest in real property located in Bethesda, Maryland. He also inherited $33,000 in cash from his mother. He testified that he took $13,000 from the $33,000 and used it to pay his sister, so that he could take a note[5] in the amount of $35,000 from the parties to whom his mother's house was sold. Appellant claimed that $10,000 came from joint funds. The trial judge considered the conflicting evidence and opined, "[T]his amount, this note and the other amount [$6,000 bank account] is directly attributable to the defendant's mother's estate and is not marital property." We are not inclined to hold that the trial judge was clearly erroneous in reaching this conclusion.

## V.

█ Appellant next contends that the trial court erred in its award of alimony. The trial judge awarded appellant indefinite alimony in the amount of $400 per month. Since the court did not give any reasons for the amount awarded, appellant contends that the court failed to consider the factors set out in Fam.Law Article Section 11–106. The

---

5. The note was referred to by the parties as the "Weiss" note.

court did, however, find, in accordance with Fam.Law § 11–106(c), that the standards of living of the respective parties will be unconscionably disparate even after appellant makes as much progress toward becoming self-supporting as can reasonably be expected. In the absence of clear evidence to the contrary, a trial judge is assumed to know the law and to apply it properly. *Olson v. Olson,* 64 Md.App. 154, 159, 494 A.2d 737 (1985); *Stern v. Stern,* 58 Md.App. 280, 300–301, 473 A.2d 56 (1984). We, therefore, assume that the trial judge fulfilled his responsibilities.

The evidence showed that the husband's earnings were $55,040 per year and the wife's earnings were $7,782. Appellee argued to the court that appellant was not earning as much as she could and that alimony should be based on the amount appellant could reasonably earn. Appellee contended that if appellant worked 40 hours per week she would earn $14,500 per year, and if she invested $90,000 from the division of marital property at 7 percent interest, she would receive an additional $6,000 per year. This would result in a gross income of at least $20,000 per year, and according to appellant's financial statement, her expenses were $16,000 per year.

The trial judge stated that appellant "is in good health, there is nothing about her health that would affect her ability to work." The court went on to observe, "[T]he wife either is earning more than she claims or is at least capable of earning more than she is now." After finding that the husband has the ability to pay alimony, the court observed that, even after the wife has made as much progress as she can reasonably be expected to make, the respective standards of living of the parties will be unconscionably disparate. The court then awarded indefinite alimony of $400 per month to the wife.

"[A]n alimony award should not be disturbed unless the chancellor's discretion was arbitrarily used or his judgment was clearly wrong." *Brodak v. Brodak,* 294 Md. 10, 28–29, 447 A.2d 847 (1982) (citations omitted). *See also Brandon v. Brandon,* 66 Md.App. 214, 224, 503 A.2d 264 (1986), in

which we approved an alimony award of $450 where the husband earned $51,000 and the wife $10,000. While clearly minimal, the alimony awarded appears to be within the bounds of the chancellor's broad discretion.[6] Although the award of alimony as made does not constitute an abuse of discretion, we are vacating the alimony award since a change in the monetary award may affect a change in the alimony award. *Melrod v. Melrod,* 83 Md.App. 180, 195, 574 A.2d 1 (1990). On remand, this will afford the trial court an opportunity to adjust the alimony as it deems appropriate in the exercise of its sound discretion.

## VI.

■ Appellant's last complaint is that, during the period between separation of the parties and trial, she paid $12,650 to a private investigator for the purpose of obtaining evidence of adultery on the part of the husband. Despite the massive surveillance undertaken, no evidence of adultery was uncovered.[7] In *Rubin v. Rubin,* 233 Md. 118, 125–129, 195 A.2d 696 (1963), the Court of Appeals held that, "[I]nvestigation expenses may be included in suit money allowable to a wife when such expenses are reasonable and necessary to bring or carry on the suit." The Court of Appeals went on to say, however, "[S]uch charges should not be allowed unless the chancellor, in the exercise of his discretion, is fairly convinced by conclusive and satisfactory

---

**6.** Trial courts in Maryland have seldom been reversed based upon inadequate alimony. Following the 1978 enactment of the Maryland Marital Property Act, effective January 1, 1979, most of the cases that have been reversed for inadequate alimony involved one of two situations: those where no alimony was awarded, and those where indefinite alimony was warranted but only short term, rehabilitative alimony was awarded. *See e.g., Holston v. Holston,* 58 Md.App. 308, 473 A.2d 459 (1984), *Benkin v. Benkin,* 71 Md.App. 191, 524 A.2d 789 (1987), *Wassif v. Wassif,* 77 Md.App. 750, 551 A.2d 935 (1989), *Rogers v. Rogers,* 80 Md.App. 575, 565 A.2d 361 (1989).

**7.** At trial, however, the husband admitted that he had committed adultery.

proof that it was reasonably necessary for the wife to employ an investigator."

We do not believe the trial judge was clearly erroneous in failing to require appellee to reimburse appellant for the investigator's fees.

JUDGMENT AFFIRMED IN PART. JUDGMENT VACATED AS TO MONETARY AWARD AND ALIMONY.

CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.