614 A.2d 988

Roy C. HOFFMAN

v.

S. Diann HOFFMAN.

No. 1865, Sept. Term, 1991.

Court of Special Appeals of Maryland.

Oct. 28, 1992.

706

John H. Williams (Broughton, Hooper & Williams, P.A. on the brief), Salisbury, for appellant.

Malcohlm Joseph Bond of Towson, for appellee.

Argued before FISCHER, CATHELL and MOTZ, JJ.

FISCHER, Judge.

Roy C. Hoffman, appellant, and S. Diann Hoffman, appellee, were married on July 6, 1974. Mr. and Ms. Hoffman have two children; one child was born of this marriage, and Mr. Hoffman adopted a child of Ms. Hoffman.[1] On June 20, 1986, Ms. Hoffman filed a complaint in the Circuit Court for Harford County seeking a "Limited Divorce and Financial Settlement." A pendente lite hearing was held and the master filed a report on October 20, 1986. Pursuant to the

---

1. At the time of the divorce, only one child was a minor.

master's report, the circuit court order of November 20, 1986 required Mr. Hoffman to: pay $60 per week per child, give use and possession of a car to the eldest child, pay the child's car insurance, and to pay Ms. Hoffman $200 reimbursement for the hearing. Due to various delays, the trial on the divorce did not occur until March, 1990. At trial, Ms. Hoffman orally amended her complaint to request an absolute divorce based on a two-year separation. By a Judgment for Absolute Divorce filed on July 29, 1991, the trial judge ordered:

1. The parties should be granted an absolute divorce.

2. Ms. Hoffman should be granted custody of the minor child of the parties with the right of reasonable and liberal visitation to Mr. Hoffman.

3. The attorneys for the parties be appointed as co-trustees to sell both the marital home and the Alabama property.

4. Upon the sale of the marital home and after the payment of all costs of the sale, Mr. Hoffman shall receive a "credit" for $8,997.00 and the balance of the proceeds shall be divided equally between the parties.

5. Unless the parties agree otherwise, attorneys for the parties are appointed as co-trustees to sell the personal property of the parties and distribute the proceeds equally.

6. Upon the sale of the Alabama property and after the payment of all costs of sale, Mr. Hoffman shall receive a credit of $35,377.00 and the balance of the proceeds shall be divided equally between the parties.

7. Ms. Hoffman shall receive a "marital award" of $8,901.00 as her share of Mr. Hoffman's military retirement pay or in the alternative that she receive 14.4% of that pay if and when received.

8. Ms. Hoffman shall receive a "marital award" of $21,-502 as her share of Mr. Hoffman's pension or in the alternative that she receive 30% of the pension if and when received.

**710**

9. Mr. Hoffman shall receive a "marital award" in the amount of $1,798.95 as his share of Ms. Hoffman's pension.

10. Mr. Hoffman shall pay to Ms. Hoffman the sum of $450 per month as child support.

11. Mr. Hoffman be ordered to pay to Ms. Hoffman $2,000 as contribution toward attorney's fees.

12. Both parties are denied alimony.

On appeal, Mr. Hoffman presents the following issues:

1. Whether the trial court erred in its calculation of the marital and nonmarital portions of specific marital assets and, if there was error, would it require the case to be remanded.

2. Whether the trial court erred in awarding specific "credits" out of the proceeds of sale of the Maryland and Alabama homes in lieu of one monetary award.

3. Whether the trial court erred in awarding Ms. Hoffman a lump-sum amount of Mr. Hoffman's United States Civil Service Retirement System Pension or, in the alternative, that Ms. Hoffman receive 30% of that pension if and when received.

4. Whether the trial court abused its discretion in only awarding Mr. Hoffman $1,798.95 of Ms. Hoffman's pension.

5. Whether the trial court abused its discretion in refusing to consider the $17,000.00 that Ms. Hoffman withdrew from the parties' joint savings account, in its consideration of the amount of the monetary award.

6. Whether the trial court erred in its award of contribution to Mr. Hoffman for expenses he paid to maintain the Alabama property.

7. Whether the trial court abused its discretion in awarding retroactive child support to Ms. Hoffman.

8. Whether or not the trial court abused its discretion in failing to consider the vast sums of money spent by Mr. Hoffman toward's Ms. Hoffman's car payment, insurance, and the child's car, providing the child with a car,

and payments towards the marital home, pursuant to the November 20, 1986 court order under the "other factors" provision of the Annotated Code of Maryland, Family Law Article, Section 8–205(b)(10).

At the time of the marriage, Mr. Hoffman was 39 years of age and a Captain in the National Guard, and Mrs. Hoffman was 22 years of age and employed as a respiratory therapy technician. After the birth of their child in November, 1974, Ms. Hoffman ceased working until she graduated from nursing school in 1981. She is currently employed as a registered nurse and earns approximately $30,000 annually. Mr. Hoffman retired from the National Guard as a Lieutenant Colonel with thirty-four years of service and a pay level of GS–12. He is currently a civilian employee of the Federal Government and earns approximately $42,000 per year.

During the marriage, Mr. and Ms. Hoffman acquired two pieces of real property, one in Aberdeen, Maryland and the other in Enterprise, Alabama. Mr. Hoffman provided, from an inheritance he received, a down payment of $8,997.35 for the Aberdeen property. Mr. Hoffman sold a pre-marital residence in Washington state and used the proceeds of $28,532 to purchase the Alabama property.

## I. and II.

Mr. Hoffman avers that the trial judge failed to determine properly which property is marital and which property is nonmarital. We agree. The relevant law is contained in Md.Fam.Law Code Ann., §§ 8–201 to 8–213, otherwise known as the "Marital Property Act" (Act). The purpose of the Act is to divide equitably and fairly the property interests of spouses by giving consideration to the monetary and non-monetary contributions of each spouse. *Harper v. Harper*, 294 Md. 54, 448 A.2d 916 (1982). In order to alleviate any inequities between the parties, the Act provides for a monetary award to be granted. The granting of this monetary award, however, seems to generate a great deal of confusion.

■ As we summarized in *Paradiso v. Paradiso*, 88 Md.App. 343, 349–350, 594 A.2d 1200 (1991), and illustrated in *Blake v. Blake*, 81 Md.App. 712, 723–726, 569 A.2d 724 (1990), the Act requires a three-step process to be completed before a "single"[2] monetary award may be granted. The steps to be completed are: (1) If an equitable adjustment over and above the distribution of the spouse's property in accordance with its title is an issue, the court shall determine which property is marital property, § 8–203; (2) the court shall then determine the value of all marital property, § 8–204; and (3) the court may make a monetary award as an adjustment of the equities and rights of the parties, § 8–205. If, under § 8–205, the court decides it is appropriate to make a monetary award, it must consider these ten factors:

1.  the contributions, monetary and nonmonetary, of each party to the well-being of the family;

2.  the value of all property interests of each party;

3.  the economic circumstances of each party at the time the award is to be made;

4.  the circumstances that contributed to the estrangement of the parties;

5.  the duration of the marriage;

6.  the age of each party;

7.  the physical and mental condition of each party;

8.  how and when specific marital property or interest in the pension, retirement, profit sharing, or deferred compensation plan, was acquired, including the effort expended by each party in accumulating the marital property or the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both;

9.  any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home;  and

---

**2.** In addition to a monetary award the court may transfer ownership or an interest in a pension, retirement, profit sharing or deferred compensation plan.  Md.Fam.Law Code Ann. § 8–205(b).

10. any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award or transfer of an interest in the pension, retirement, profit sharing, or deferred compensation plan, or both.

*Harper*, 294 Md. at 79, 448 A.2d 916; *Paradiso*, 88 Md.App. at 349–350, 594 A.2d 1200; *Wilen v. Wilen*, 61 Md.App. 337, 355, 486 A.2d 775 (1985); *Ward v. Ward*, 52 Md.App. 336, 339, 449 A.2d 443 (1982); *See also Quinn v. Quinn*, 83 Md.App. 460, 464, 575 A.2d 764 (1990); *Melrod v. Melrod*, 83 Md.App. 180, 185, 574 A.2d 1 *cert. denied*, 321 Md. 67, 580 A.2d 1077 (1990).

Unfortunately, the trial judge failed to follow these steps and granted two or more monetary awards, which he erroneously termed "marital" awards. As we have stated many times, "[S]ave for certain employee benefits, the court cannot give more than one monetary award." *Rock v. Rock*, 86 Md.App. 598, 623, 587 A.2d 1133 (1991); *See also, Ward*, 52 Md.App. at 343, 449 A.2d 443. Apparently, the trial judge found that a monetary award was necessary, in view of the dispositions made and consideration of each of the factors listed in § 8–205. The award was, however, incorrectly calculated.

Following the statutory guidelines, the trial court is to determine which property is marital. Section 8–201 defines marital property to be property, however titled, acquired by one or both parties during the marriage but does not include property: (i) acquired before the marriage; (ii) acquired by inheritance or gift from a third party; (iii) excluded by valid agreement; or (iv) directly traceable to any of these sources.

When property is acquired by an expenditure of both nonmarital and marital property, the trial court must use the source of funds analysis to allocate properly the property as partially marital and partially nonmarital. *Grant v. Zich*, 300 Md. 256, 268–269, 477 A.2d 1163 (1984); *Harper*, 294 Md. at 82, 448 A.2d 916. "The property is

nonmarital in the ratio that the nonmarital investment in the property bears to the total nonmarital and marital investment in the property, and its value is not subject to equitable distribution." *Grant,* 300 Md. at 269, 477 A.2d 1163.

Applying step one of the analysis, the court must characterize all property as either marital or nonmarital. In this case, Mr. and Ms. Hoffman stipulated, among other things, that: 1) Mr. Hoffman's pre-marital investment in the Aberdeen property amounted to $8,997.35 and 2) his premarital investment in the Alabama property was $28,532.81. The court below, however, awarded Mr. Hoffman "credits" of $8,997 and $35,377 to be obtained from the proceeds of the sale of these properties. As the appellate courts of Maryland have stated on several occasions, the spouse contributing nonmarital funds is entitled to a fair and equitable return on his or her investment. *Harper,* 294 Md. at 80, 448 A.2d 916; *Bangs v. Bangs,* 59 Md.App. 350, 364, 475 A.2d 1214 (1984); *Dobbyn v. Dobbyn,* 57 Md.App. 662, 674, 471 A.2d 1068 (1984).

Step two requires the calculation of the nonmarital portion of the property. In *Blake* we referred to examples which properly calculated the nonmarital portion of property. We relied on an example given by the Court of Appeals which stated:

A husband and wife acquired real property for a purchase price of $40,000. The wife contributed a down payment of $10,000 from property that she acquired prior to marriage. The remaining $30,000 was financed by a mortgage signed by both the husband and the wife. One-quarter of the value of the property is the wife's nonmarital property and three-quarters of the value of the property is marital property.

If, at the time of the dissolution of the marriage, the property has appreciated in value to a fair market value of $60,000 and the mortgage indebtedness has been reduced to $20,000 by the payment of $10,000 of marital funds, the following division would be appropriate. One-

quarter of the $60,000 fair market value of the property, or $15,000, would be the wife's nonmarital property, not subject to equitable distribution. From the remaining $45,000, $20,000, representing the unpaid mortgage balance, would be deducted leaving $25,000 as the net value of the marital property subject to equitable distribution. *Grant,* 300 Md. at 276, n. 9, 477 A.2d 1163.

In the present case, the Hoffmans agreed that Mr. Hoffman had contributed money, which was not marital property, to purchase the couple's Aberdeen home. The Hoffmans also stipulated that the property was purchased on January 18, 1977 for $74,500; the fair market value of the home is $110,000 and, the present mortgage value is $56,876. Mr. Hoffman's nonmarital investment, of $8,997.35, was approximately twelve percent of the purchase price. Therefore, Mr. Hoffman is entitled to twelve percent of the fair market value of the Aberdeen home or $13,200. Thus, $13,200 of the $110,000 market value of the Aberdeen home is nonmarital property and $39,924 is marital property available for equitable distribution.[3]

The same calculation should also be performed for the Alabama property. The parties stipulated that: 1) Mr. Hoffman's pre-marital investment was $28,532.81; 2) the purchase price was $76,700; 3) the present market value is $86,000, and 4) the present mortgage is $55,216.46. Mr. Hoffman's pre-marital investment was thirty-seven percent of the purchase price. Consequently, his nonmarital portion of the Alabama property is $31,820, and $54,180 represents the marital portion.[4] Obviously, the trial judge failed to or did not adequately calculate Mr. Hoffman's nonmarital por-

---

**3.** The mortgage amount of $56,876 is a marital debt and, therefore, the $96,800 marital property should be reduced by the outstanding mortgage. *Schweizer v. Schweizer,* 301 Md. 626, 637, 484 A.2d 267 (1984).

**4.** The Alabama mortgage is also a marital debt and, therefore, will be paid from the marital portion. Unfortunately in this case, the marital portion will be consumed by the payment of the mortgage.

tion of the properties. The source of funds method of categorization should be used for each piece of property owned by the couple so that a summation of the marital and nonmarital property may be made. See *Freese v. Freese,* 89 Md.App. 144, 150–151, 597 A.2d 1007 (1991), for a detailed analysis of the trial court's responsibilities.

Ms. Hoffman contends the trial court was not erroneous in its distribution of the property because she believes the court simply and equitably divided the property by applying § 8–202 of the Family Law Article. She argues that the trial court "did not desire to make a monetary award to [Mr. Hoffman] to adjust any inequities which would occur if the real properties were sold and the post sale proceeds were divided according to title." Section 8–202 states:

> (a)(2) When the court grants an annulment or an absolute divorce, the court may resolve any dispute between the parties with respect to the ownership of real property.
> (3)(b) When the court determines the ownership of personal or real property, the court may:
> (1) grant a decree that states what the ownership interest of each party is and
> (2) as to any property owned by both of the parties, order a partition or a sale instead of partition and a division of the proceeds.

■ We do not agree with Ms. Hoffman's evaluation of the trial court's division of the property. Under § 8–202, the trial court is merely provided with a means of resolving ownership claims to property. In *Ward v. Ward,* 48 Md. App. 307, 426 A.2d 443 (1981), we held that the precursor to § 8–202, Title 3, subtitle 6A—Property Disposition in Divorce and Annulment—of Md.Cts. & Jud.Proc.Code Ann. (1980 Repl.Vol.), which allowed the trial court to "resolve any dispute between spouses with respect to the ownership of real property," only applies when the ownership right to property is in dispute. In this case, as in *Ward,* the trial court was not required to determine the legal ownership of the Alabama and Aberdeen real properties. Both proper-

ties were properly titled tenants by the entireties which conferred to Mr. and Ms. Hoffman an undivided one-half interest in each property. Thus, § 8–202 does not apply in this situation.

■ The personal property belonging to the Hoffmans was also improperly characterized. The trial court stated, "[T]he value for the *marital* property in the possession of [Ms. Hoffman] is $2,811.50 and that the value of the *personal* property in the possession of [Mr. Hoffman] is $22,030.00." Again, the Act requires that all of the personal property be apportioned as either marital or nonmarital property. We cannot decipher from the court's opinion which portion of the personal property is marital and which portion is nonmarital.

## III.

Third, Mr. Hoffman avers that the trial court erroneously awarded Ms. Hoffman a portion of his civil service pension benefits. Mr. Hoffman believes that "any award of this [civil service pension] treats him differently than most of the general population." Mr. Hoffman claims that, if he had elected to receive Social Security benefits instead of a civil service pension, then the trial court would not have been able to grant an award. Consequently, he believes the trial court should not have awarded any amount from his civil service pension. Mr. Hoffman, however, did not support this proposition with any authority nor did he argue this position at trial; therefore this issue was not preserved for our review.

■ Mr. Hoffman contends that the trial court erroneously awarded to Ms. Hoffman:

1. $8,901 of Mr. Hoffman's military retirement pay or, in the alternative, 14.4% of that pay if and when received; and,

2. $21,502 of Mr. Hoffman's pension, or in the alternative, 30% of the pension if and when received.

As we stated in *Imagnu v. Wodajo,* 85 Md.App. 208, 212, 582 A.2d 590 (1990), "[T]here is, of course, no dispute as to whether pensions or retirement benefits that accrue during a marriage constitute marital property under Md.Code (1984), Fam.Law Art. § 8–201(e). That they are is well established. *Deering v. Deering,* 292 Md. 115, 437 A.2d 883 (1981); *Gravenstine v. Gravenstine,* 58 Md.App. 158, 168, 472 A.2d 1001 (1984)." Under § 8–205(b), the court is authorized to determine the "amount and the method of payment of a monetary award, or the terms of the transfer of the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both" after consideration of the ten factors. By granting each spouse an interest in the other spouse's retirement benefits, the trial court did not violate *Ward v. Ward,* 52 Md.App. 336, 449 A.2d 443 (1982), allowing the grant of only one monetary award, since § 8–205(b) permits transfer of ownership of an interest in a pension, retirement, profit sharing, or deferred compensation plan from one party to either or both in addition to a monetary award. *Blake,* 81 Md.App. at 724 n. 5, 569 A.2d 724.

In *Deering,* the Court of Appeals outlined three methods by which trial courts could allocate retirement benefits between parties. The third method approved by the Court involves the determination of a fixed percentage to be awarded to the nonemployee-spouse of any future retirement benefits received by the employee-spouse payable "as, if and when" received. *Deering,* 292 Md. at 130–131, 437 A.2d 883. Adoption of this method "does not eliminate the need to assign a value to the pension, Fam. Law Art., § 8–204, but as a practical matter it nullifies any risk of error in the evaluation." *Imagnu,* 85 Md.App. at 214, 582 A.2d 590.

Mr. Hoffman avers that the trial court "did not follow the procedure for an 'if, as or when award' as set out in *Bangs v. Bangs,* 59 Md.App. 350 [475 A.2d 1214] (1984)." In *Bangs,* we held that the trial court did not err in determin-

ing a fixed percentage of any future payments received under the pension plan by following this formula:

$$\frac{1}{2} \times \frac{\text{Years and months of marriage}}{\text{Years and months of employment credited towards retirement}}$$

Mr. Hoffman claims the trial court erred because it awarded to Ms. Hoffman a fraction of the *total* payments to be received by Mr. Hoffman, instead of awarding Ms. Hoffman a fraction of the *marital* portion of the payments to be received. Mr. Hoffman claims that "[t]he *marital* portion is not determinable since [he] has not terminated his [civil service] employment and therefore the denominator is going to increase until retirement."

The *Bangs* formula is to be used in situations in which, at the time of the divorce, the employee-spouse has been employed for a period of time greater than the length of the marriage and thus, a portion of the pension was earned outside of the marriage. In this respect, the fraction is used to determine the *marital* portion of the benefits. In the instant case, Mr. and Ms. Hoffman stipulated to the fact that the *marital* portion of Mr. Hoffman's pensions was $133,489.83. And, the trial court found, "[T]he value of the military retired pay earned during the marriage was $61,-813.00. The civil service pension was earned entirely during the marriage and the value was set at $71,676.00." As the trial court stated, the marital portion of Mr. Hoffman's civil service pension is 100% of the stipulated value of $71,676.00 since, at the time of the divorce, Mr. Hoffman was married for the entire period of his civilian employment.

The lump sum amount has, therefore, been determined by stipulation of the parties. The amount of the "as, if and when" payment, however, cannot be determined until appellant retires from civil service and the number of years of total employment is known. The trial judge also erred in his order by granting to Ms. Hoffman from Mr. Hoffman's pensions an award of a lump sum payment or, in the alternative, an "as, if and when" award. By making the

pension award in the alternative (at the election of the appellee) rather than making a decision, the trial court made it impossible to determine properly the amount of the monetary award. The court must determine and consider the amount awarded to a spouse from the other spouse's pension in order to calculate accurately the amount of the monetary award. Prior to making its decision it is, of course, proper for the court to inquire as to the parties preference. The court's order, however, should be a final order.

### IV.

Not only does Mr. Hoffman argue that the trial court awarded Ms. Hoffman a greater portion of his benefits than was allowable, he complains that the $1,798.95 awarded to him from Ms. Hoffman's retirement benefits was less than the required amount. The trial court found that Ms. Hoffman's pension "will not reach pay status for a considerable period of time and most of the value that it will have will be earned after the divorce." As with Mr. Hoffman's benefits, the parties stipulated to the marital portion of Ms. Hoffman's benefits and agreed on a value of $11,993.00. The court found that Mr. Hoffman was entitled to 15% of this amount, granting him $1,798.95. As we stated previously, the court has broad discretion in allocating benefits and, we do not believe the court abused its discretion by awarding 15% of Ms. Hoffman's benefits to Mr. Hoffman. Since we are remanding this case to the trial court for reconsideration of the monetary award, the court should also reconsider its award here as part of its determination of the monetary award.

### V.

■ The record shows that, in 1985, the parties had approximately $35,000 in a joint savings account. The source of these funds, however, was disputed. Mr. Hoffman claims that, after selling a pre-marital home, he deposited $24,000 of the proceeds into the account. Ms. Hoffman

contends that the money came from marital funds earned during the marriage. The fact that on July 31, 1985, Ms. Hoffman withdrew $17,000 from this joint savings account is not in dispute.

Mr. Hoffman avers that, when determining the monetary award, the trial court erred by not taking into consideration the $17,000 withdrawn from the couple's joint savings account. He contends that, if these funds were directly traceable to the sale of Mr. Hoffman's pre-marital home, the trial court should have characterized $24,000 of the account as nonmarital property owned by Mr. Hoffman.

We, nonetheless, are faced with a different fact situation. Mr. Hoffman testified that Ms. Hoffman withdrew $17,000 approximately one year *before* the parties separated and while they were still living together. The trial court was correct in stating that "[a]n award based upon the equitable disposition of marital property must be done on the basis of property that is owned by one or another of the parties at the time of the dissolution of the marriage. The property in question had been distributed between the two well in advance of the separation many years prior to the divorce." As we said in *Gravenstine*, 58 Md.App. at 177, 472 A.2d 1001, "[p]roperty disposed of before commencement of the trial under most circumstances cannot be marital property."

We wish to point out, however, that the trial court was incorrect in stating that "even if [Mr. Hoffman's] testimony is true and that the source of funds in the account were traceable to non-marital assets, by [Mr. Hoffman] placing the money in the joint account with the intended purpose of creating an emergency fund that would be accessible to [Ms. Hoffman], that he in fact converted his money [into] marital funds." The courts of Maryland have expressly rejected the concept of transmutation of property by titling nonmarital property in the names of both spouses. *Dorsey v. Dorsey*, 302 Md. 312, 487 A.2d 1181 (1985); *Grant v. Zich*, 300 Md. 256, 477 A.2d 1163 (1984); *Harper v. Harper*, 294 Md. 54, 448 A.2d 916 (1982); *Watson v. Watson*, 77 Md.App. 622, 551 A.2d 505 (1989). In order to

prove that a transmutation of property from nonmarital to marital has occurred, proof of all of the elements of a gift is required: donative intent, delivery or relinquishment of dominion, and acceptance. *Watson*, 77 Md.App. at 633, 551 A.2d 505. "That includes, of course, proof of an intention to give or relinquish the contingent equitable claim that arises from the marital/nonmarital status of the property, which is an intention that cannot be presumed from the titling of the property in both names." *Watson*, 77 Md. App. at 633, 551 A.2d 505.

All of the issues discussed in sections I–V are to be completed in steps two and three of property distribution under the Act. As we stated in *Blake*, the third step is to assign a value to the nonmarital property of each spouse and to value the remaining marital property. Before ordering a monetary award, the court must take into consideration the ten factors listed in § 8–205 in order to distribute equitably the marital portion of the property.

In this case, the trial judge, after "crediting" Mr. Hoffman with his nonmarital investment, evenly distributed the remaining portion of the property between Ms. Hoffman and Mr. Hoffman. He did take into consideration the factors required in § 8–205, however, he inaccurately calculated the marital and nonmarital portion of the property and erroneously awarded multiple monetary awards. We must, therefore, remand the case with instructions to characterize the property as marital and/or nonmarital and to balance the equities of the parties by calculating a single monetary award.[5]

## VI.

Mr. Hoffman contends that the trial court was correct in awarding him contribution for his expenditures

---

**5.** We have illustrated examples in *Blake*, 81 Md.App. at 724–725, 569 A.2d 724, and *Freese*, 89 Md.App. at 150–151, 597 A.2d 1007, of a simple format to be followed when calculating the marital and non-marital interests of spouses and in deciding whether to grant a monetary award.

on the Alabama property; nonetheless, he argues that the court's method of reimbursement is erroneous. The parties stipulated that Mr. Hoffman had expended $13,687.00 on the Alabama property and the court ruled that Ms. Hoffman should contribute one-half of this amount or $6,843.50. The court directed that Mr. Hoffman be credited $6,843.50 from the proceeds of the house and then the remaining proceeds were to be divided evenly between Mr. and Ms. Hoffman. This method is improper. In order fairly to reimburse Mr. Hoffman, the court should have directed that the entire $13,687.00 be credited to Mr. Hoffman before the remaining proceeds were divided or that the marital portion of the proceeds be divided in half and $6,843.50 be deducted from Ms. Hoffman's share and credited to Mr. Hoffman. *Kamin–A–Kalaw v. Dulic*, 322 Md. 49, 55, 585 A.2d 216 (1991). The trial court, in effect, required Mr. Hoffman to pay one-half of his reimbursement.

## VII.

Under the Pendente Lite Order of November 20, 1986, Mr. Hoffman was ordered to pay child support of $259.80 per month. The trial court found that Mr. Hoffman's child support obligation was $450.00 per month. Mr. Hoffman complains that the trial court was erroneous in making the increased support obligation retroactive to the date of trial. Mr. Hoffman believes that the increase should not have been effective until the date of the court's order which occurred sixteen months after the trial date. Md.Fam.Law Code Ann. § 12–101 states, "[T]he Court may award child support for a period from the filing of the pleading that requests child support." In this case, Ms. Hoffman filed an Amended Complaint For Absolute Divorce on August 3, 1987 and requested custody of the minor child and child support. The court did not abuse its discretion by making the child support retroactive to that date.

## VIII.

Last, Mr. Hoffman argues that the trial court "abused its discretion in failing to consider the vast sums of

**724**

money spent by [Mr. Hoffman] as 'other factors' as used in § 8–205(b)(10)." Mr. Hoffman argues that the court should have taken into consideration that he was not awarded contribution for the expenses of the Aberdeen home. Mr. Hoffman does admit, and we have clearly held, that contribution is an equitable matter within the discretion of the trial court. *Broseus v. Broseus*, 82 Md.App. 183, 570 A.2d 874 (1990); *Wassif v. Wassif*, 77 Md.App. 750, 551 A.2d 935 (1989). In this case, before he denied Mr. Hoffman contribution, the trial judge took into account certain factors such as: the fact that Mr. Hoffman enjoyed the tax benefits that have accrued, that the expenses paid were of the "maintenance" kind and did not increase the value of the house and that Mr. Hoffman enjoyed the use of the home and would probably pay more in rent than he did for the mortgage payment. We believe that the trial judge did not abuse his discretion by denying Mr. Hoffman contribution.

Section 8–205(b)(10) allows the trial court to take into consideration "other factors" when awarding a monetary award. Mr. Hoffman argues that the trial judge abused its discretion by: (1) failing to consider the fact that Mr. Hoffman was not awarded contribution and (2) failing to consider that the pendente lite order incorrectly required Mr. Hoffman to make certain payments to Ms. Hoffman. The pendente lite order called for Mr. Hoffman to pay: (1) Ms. Hoffman's car payment, (2) Ms. Hoffman's car insurance and the (3) minor child's car insurance and various repairs and other expenses. Thus, the pendente lite order violated the holding of *Bricker v. Bricker*, 78 Md.App. 570, 554 A.2d 444 (1989), by requiring Mr. Hoffman to pay sole obligations of Ms. Hoffman. Mr. Hoffman is correct in his argument that the trial court should take these payments into consideration under "other factors." The trial court, however, is not expected to expound on each of the required factors; but if the record states that all of the required factors have been considered, we will presume that the law was applied correctly. *Imagnu*, 85 Md.App. at 221, 582 A.2d 590; *Randolph v. Randolph*, 67 Md.App. 577, 508

A.2d 996 (1986). On remand, the trial court should take these factors into consideration in determining if an equitable adjustment should be made as part of the monetary award.

### Summary

We have affirmed:

1. The trial judge's denial of contribution by Ms. Hoffman to Mr. Hoffman for mortgage, taxes and insurance paid on the Aberdeen home; and

2. The trial judge's retroactive award of increased child support.

We are remanding this case so that the trial judge may:

1. Determine the correct values of the marital and nonmarital portions of the Alabama property;

2. Determine the correct values of the marital and nonmarital portions of the Aberdeen property;

3. Decide division of the pension interests of the parties;

4. Determine the value of all marital property and determine the amount titled as to each party;

5. Determine the value of nonmarital property owned by each party;

6. Determine if an equitable adjustment should be made; and

7. If an equitable adjustment should be made, determine the amount of the monetary award.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.

CASE REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID ONE-THIRD BY THE APPELLANT AND TWO-THIRDS BY THE APPELLEE.