702 A.2d 999

**John M. KELLY**

v.

**Barbara A. KELLY.**

**No. 1068, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Dec. 3, 1997.

Gary I. Silverman, Silver Spring, for appellant.

William G. Simmons, Rockville, for appellee.

Argued before CATHELL and HARRELL, JJ., and PATRICIA S. PYTASH J. (Specially Assigned).

CATHELL, Judge.

John M. Kelly appeals from a judgment by the Circuit Court for Montgomery County that denied his exceptions to a

Domestic Relations Master's Report and Recommendations. The report of the Domestic Relations Master denied appellant's request to modify the formula approved in *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984), due to the method of calculation of his pension. The sole issue raised on appeal is the proper application of this formula. We shall affirm the trial court's judgment.

### The Facts

John M. Kelly currently is employed by the American Public Power Association. He has worked as an economist and the director of economics and research for the past fourteen years and for the entire duration of his marriage to Barbara A. Kelly, appellee.

Pursuant to appellant's employment with American Public Power Association, he is entitled to a pension. He argues that under the employer's pension plan, his annual pension is determined by taking the average of his last three years of salary,[1] multiplying it by 2%, and then multiplying that by the number of years of credited service. Under the benefit plan, appellant could retire with full pension in the year 2007.

Appellant asserted at the master's hearing that the formula approved of in *Bangs, supra*, should be modified due to the method by which his pension was calculated. He argued that because his pension is based on the average salary during his

---

1. The copy of the pension plan provided in the record does not provide, as appellant suggests, that his pension is "determined by taking the average of his last three (3) years of earnings, multiplied by 2%, multiplied by the years of credited service." The plan indicates that appellant's pension is determined by multiplying "the average of [his] annual compensation ... during the 36 consecutive months out of the last 120 months prior to [his] termination which produces the highest average," multiplied by 1.75%, multiplied by the number of years of employment. This method of calculation of appellant's pension indicates that his pension is not determined based on his last three years of earnings. His highest three-year average salary could have been greatest at a time he was married to appellee. We also note the applicable percentage rate is 1.75%, not 2% as appellant suggests.

We shall, nevertheless, address appellant's question based on the information contained in his brief for the sake of simplicity.

last three years of employment, the formula must be adjusted to account for any increases or decreases in salary that could take place after the divorce. Accordingly, appellant proposed to the master that the *Bangs* formula be modified by multiplying the current formula by a fraction that had as its numerator appellant's average salary for the last three years prior to the divorce and as its denominator his average salary for the last three years of employment.

The master declined to do so. In his report, the master stated:

> Defendant's [here, appellant Mr. Kelly's] Exhibit No. 1 [a chart showing, among other things appellant's proposed salary increase] is based on speculation as to the time of defendant's retirement and salary increases. More importantly, under defendant's Item C, which applies his corrective fraction, plaintiff has earnings of only $61.00 of value based on 11 years of her investment part of his pension benefit.[2] This increase would not be enough to keep up with inflation. Further, defendant's suggested corrective fraction ignores the fact that the years 13 through 24 during which creditable time increases and salary increases; defendant continues to receive benefit from the previous 12 years of service and salary increases during which time defendant was married to plaintiff. Defendant would earn his benefit built upon the predivorce time period and not share the same with plaintiff. Based on the above findings, the Master finds that defendant's use of a corrective fraction is inappropriate. The Master recommends that a Qualified Domestic Relations Order be prepared by plaintiff's counsel awarding plaintiff a share in the defendant's pension pursuant to the provisions of the formula stated by the Court in *Bangs v. Bangs, supra.*

---

**2.** We shall show later that if we were to accept appellant's proposed adjustment, the $61.00 increase referred to by the master and shown on Defendant's Exhibit 1 would be non-existent. The $61.00 increase shown in Defendant's Exhibit 1 resulted from rounding up certain numerals.

Appellant's subsequent exceptions to this order were denied by the Circuit Court for Montgomery County. Appellant presents one question on appeal: "Did the trial [c]ourt err in applying the formula prescribed in *Bangs v. Bangs,* 59 Md. App. 350, 475 A.2d 1214 (1984), to [appellant's] defined benefit plan[?]"

### Discussion

The Court of Appeals in *Deering v. Deering,* 292 Md. 115, 437 A.2d 883 (1981), approved of three approaches that the trial court, in making a marital award, could use to value a spouse's pension. The Court, quoting *Bloomer v. Bloomer,* 84 Wis.2d 124, 267 N.W.2d 235, 238 (1978), articulated these three approaches:

> First, the trial court could consider the amount of [the husband's] contributions to the fund, plus interest, and award [the wife] an appropriate share. . . . Second, the trial court could attempt to calculate the present value of [the husband's] retirement benefits when they vest under the plan. . . .
>
> . . . The third method, which has been used widely . . . is to determine a fixed percentage for [the wife] of any future payments [the husband] receives under the plan, payable to her as, if, and when paid to [the husband].

*Deering,* 292 Md. at 130–31, 437 A.2d 883 (citations omitted) (brackets in original). The *Deering*Court noted "whether any particular option represents an appropriate exercise of discretion depends, of necessity, upon the circumstances of the individual case." *Id.* at 131, 437 A.2d 883.

In *Bangs v. Bangs,* 59 Md.App. 350, 475 A.2d 1214 (1984), we upheld the trial court's use of this third method. In that case, the trial court granted the wife a monetary award and a portion of the husband's future pension. The trial court determined that the fractional share of future payments from the pension that the wife was to receive was equal to "one-half of a fraction of which the number of years and months of the marriage . . . is the numerator and the total number of years and months of employment credited toward retirement is the

denominator." *Id.* at 356, 475 A.2d 1214. This fraction was expressed as follows:

$$\frac{1}{2} x \quad \frac{Total\ Years\ of\ Marriage}{Total\ Years\ of\ Employment}$$

The husband in *Bangs,* whose pension was calculated based on his three highest years' earnings, asserted the chancellor erred in applying this formula because "the trial court included postdivorce earnings experience in its computation," and further argued "[a] simple resolution would have been to provide that the payments to [the wife] pursuant to the formula could not exceed $22,500.00, i.e. the present value of the share to which the trial court found [the wife] to be entitled." *Id.* at 367, 475 A.2d 1214.

We rejected the husband's contentions, stating:

It is true that [the husband's] pension benefits could increase as a result of his post-divorce earnings. It is also true, however, that [the husband] has not directed us to any evidence which would indicate when he is planning to retire or permit a computation of the amount of his benefits when he retires. Therefore, any "cap" or "ceiling" on [the wife's] share of the pension funds would be based on speculation as to those matters.

*Id.*

The formula derived in *Bangs v. Bangs* has become known as the *Bangs* formula, and we have upheld its application on numerous occasions. *See Scott v. Scott,* 103 Md.App. 500, 653 A.2d 1017 (1995); *Pleasant v. Pleasant,* 97 Md.App. 711, 632 A.2d 202 (1993); *Hoffman v. Hoffman,* 93 Md.App. 704, 614 A.2d 988 (1992).

■ In the case *sub judice,* appellant asserts that because of the method by which his pension is calculated, modification to the *Bangs* formula is necessary. He argues the *Bangs* "formula should be modified by taking the existing *Bangs* formula, and multiplying it by a fraction, the numerator of which is the average of [appellant's] last three (3) years of income as of the date of divorce, the denominator of which is

the average of [appellant's] final three (3) years of income when he ceases working for American Public Power Association." In essence, what appellant requests this Court to do is to "freeze" appellee's portion of the pension, which she will be entitled to at a later time, at its current level. We decline to do so and explain.

The *Bangs* formula and appellant's proposed modification may be expressed as follows:

$$\frac{1}{2} \quad x \quad \frac{Years\ of\ Marriage}{Total\ Years\ of\ Employment} \quad x \quad \frac{(S_{D0}+S_{D1}+S_{D2})/3}{(S_{F0}+S_{F1}+S_{F2})/3}$$

In this formula, the variable S is appellant's salary. The subscript variable D0 represents appellant's salary in the year of the divorce, D1 represents appellant's salary one year prior to the divorce and D2 represents appellant's salary two years prior to the divorce. The subscript variables F0, F1, and F2 represent appellant's salary during his last year of employment, his salary one year prior to his last year of employment, and his salary two years prior to his last year of employment respectively.

The appellant's pension, as appellant asserts, may be calculated by the following formula:

$$(S_{F0}+S_{F1}+S_{F2})/3 \ x \ \frac{2}{100} \ x \ Years\ of\ Service$$

Again, the S variable refers to appellant's salary and the subscripts F0, F1, and F2 represent appellant's final year of employment, one year prior to the final year of employment, and two years prior to the final year of employment, respectively.

In order to calculate the amount of the pension to which appellee would be entitled, the above formula used to calculate the amount of the pension would be multiplied by the *Bangs* formula as modified by appellant's fraction. In examining this calculation closely, we observe that the first multiplication factor used to calculate appellant's pension is the same as the denominator of the fraction with which appellant seeks to modify the *Bangs* formula. Accordingly, these two factors

would cancel out each other. This would mean the amount of the pension to which appellee would be entitled would be calculated based upon the average salary earned by the appellant during the year of the divorce and the two previous years. The resulting equation would be as follows:

$$(S_{DO} + S_{D1} + S_{D2}) \times \frac{2}{100} \times \text{Years of Service} \times \frac{1}{2} \times \frac{\text{Total Years of Marriage}}{\text{Total Years of Employment}}$$

As illustrated when the equations are placed together, the *Bangs* formula remains intact. Application of appellant's fraction merely changes the method by which the pension is calculated. Instead of calculating the portion of the pension appellee is to receive based on the salary during the last three years of employment, appellee's portion of the pension is calculated based on appellant's salary during the year of the divorce and the two years prior to the divorce. This essentially would freeze that portion of the pension appellee is to receive to an amount the same as if the pension itself were calculated at the time of the divorce.

Exhibit 1, a table attached to the end of this opinion, illustrates this more clearly. This table was calculated based on the modification appellant suggests in this case. For purposes of this table, we assumed that appellant was earning $80,000 in 1996. Additionally, we assumed, as did appellant in Defendant's Exhibit 1, that he received a four percent increase in salary each year. The exhibit shows that in 1997, appellant will earn approximately $83,200 in salary. The value of his pension in 1997 will be approximately $20,010 (three year average salary during last three years of employment × .02 × years of employment). Appellee's portion of appellant's pension, utilizing appellant's modification, would be approximately $11,206 (appellant's pension × .5 × (years of employment/years of marriage) × (appellant's average salary during last three years of marriage/appellant's average salary during last three years of employment)).

As the table demonstrates, appellant's proposed modification to the *Bangs* formula essentially would freeze appellee's

portion of appellant's pension at the same amount as it would be at the time of the divorce. Despite increases in appellant's salary and his pension after the year of the divorce, appellee's portion of the pension would remain constant.

We addressed a similar contention as that presented by appellant in *Scott v. Scott,* 103 Md.App. 500, 653 A.2d 1017 (1995). In *Scott,* the trial court, applying the *Bangs* formula, determined that the wife's marital portion of the husband's pension was thirty-five percent. The court then determined the current fixed value of the pension was $1,696.41 per month. Multiplying the current fixed value of the pension by thirty-five percent, the court determined the marital portion of the husband's pension was $593.74 per month as, if and when received by the husband.

We held the court erred in its determination of the wife's marital portion of appellant's pension. We stated:

> As we noted in *Hoffman v. Hoffman, supra,* "[t]he *amount* of the 'as, if and when' payment, however, cannot be determined until [Husband] retires from [CIBA–GEIGY] and the *number of years of total employment is known.*" *Hoffman,* 93 Md.App. at 719 [614 A.2d 988] (emphasis added); *see also Bangs,* 59 Md.App. at 367 [475 A.2d 1214]. Similarly, the trial court cannot presently determine a percentage of Husband's pension due Wife until such time as the total number of years of employment is known. *Pleasant v. Pleasant,* 97 Md.App. 711, 724 [632 A.2d 202] (1993). During trial, Husband testified that his present intentions with respect to employment with CIBA–GEIGY are "that I could work for another twenty years for the company. I worked for twenty years now and hope I can do another twenty." Therefore, fourteen years and four months of marriage (May 21, 1979 to September 24, 1993) will need to be divided by the total number of years and months credited toward Husband's retirement, at the time he retires.

*Id.* at 519, 653 A.2d 1017.

For similar reasons, appellant's proposed modification to the *Bangs* formula cannot be accepted. We indicated in

*Scott* and *Hoffman* that the marital portion of the pension under the "as, if and when" method of computation cannot be calculated until the total number years of employment is known. In the case *sub judice,* the same is true. Appellant's pension cannot be calculated until the total number of years of employment is known. Accordingly, we decline to accept appellant's proposed modification of the *Bangs* formula.

We also note another similarity between the case *sub judice* and *Scott.* What the trial court attempted in *Scott* was to limit the wife's share of the husband's pension to its then current fixed value. The trial court determined the current value of the wife's monthly portion of the husband's pension and held that the wife would receive that amount when the pension was to be distributed to the husband at some future date. Appellant in the case *sub judice* attempts the same. Under his proposed modification to the *Bangs* formula, appellee's marital portion of appellant's pension would not increase following the divorce. Although not explicitly stated by the *Scott* Court, this method of freezing the marital portion of the pension at current levels clearly was disapproved. We also did not approve a similar limitation on the pension proposed in *Bangs, supra.* We, likewise, disapprove of appellant's proposed modification.

■ We additionally note the persuasive reasoning of the master in this case. He observed that appellant's increases in salary in the future would be based in part on his work performance during the marriage. Moreover, any future adjustments by management might well relate to the length of appellant's total service, including the period of the marriage. Under appellant's theory, the wife might well not receive an increase in value to which she was entitled.

The master also noted the speculation involved with respect to appellant's increases in salary and length of employment. One reason for the adoption of the *Bangs* formula was to avoid speculation in determining the value of a party's pension. Appellant's proposed modification would require speculation

on the part of the trial court, something the *Bangs* formula is intended to avoid.

We therefore hold that the application of appellant's proposed modification to the *Bangs* formula was inappropriate.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

EXHIBIT 1

| YEAR | APPELLANT'S SALARY | APPELLANT'S AVERAGE SALARY DURING FINAL THREE YEARS OF EMPLOYMENT | APPELLANT'S AVERAGE SALARY DURING FINAL THREE YEARS OF MARRIAGE | YEARS OF EMPLOYMENT | YEARS OF MARRIAGE | APPELLANT'S PENSION | ANNUAL VALUE OF APPELLEE'S PORTION OF APPELLANT'S PENSION USING BANGS FORMULA IN RESPECTIVE YEARS | ANNUAL VALUE OF APPELLEE'S PORTION OF APPELLANT'S PENSION USING APPELLANT'S PROPOSED MODIFICATION |
|------|------|------|------|------|------|------|------|------|
| 1994 | 73964.49704 | | | | | | | |
| 1995 | 76923.07692 | | | | | | | |
| 1996 | 80,000 | 76962.52465 | 76962.52465 | 11 | 11 | | | |
| 1997 | 83200 | 80041.02564 | 80041.02564 | 12 | 12 | | | |
| 1998 | 86528 | 83242.66667 | 80041.02564 | 13 | 13 | 20010.25641 | 10005.12821 | 10005.128205 |
| 1999 | 89989.12 | 86572.37333 | 80041.02564 | 14 | 14 | 22411.48718 | 11205.74359 | 11205.74359 |
| 2000 | 93588.6848 | 90035.26827 | 80041.02564 | 15 | 14 | 24972.8 | 11653.97333 | 11205.74359 |
| 2001 | 97332.23219 | 93636.679 | 80041.02564 | 16 | 14 | 27703.15947 | 12120.13227 | 11205.74359 |
| 2002 | 101225.5215 | 97382.14616 | 80041.02564 | 17 | 14 | 30611.99121 | 12604.93756 | 11205.74359 |
| 2003 | 105274.5423 | 101277.432 | 80041.02564 | 18 | 14 | 33709.20444 | 13109.13506 | 11205.74359 |
| 2004 | 109485.524 | 105328.5293 | 80041.02564 | 19 | 14 | 37005.21554 | 13633.50046 | 11205.74359 |
| 2005 | 113864.945 | 109541.6705 | 80041.02564 | 20 | 14 | 40510.9728 | 14178.84048 | 11205.74359 |
| 2006 | 118419.5428 | 113923.3373 | 80041.02564 | 21 | 14 | 44237.9823 | 14745.9941 | 11205.74359 |
| 2007 | 123156.3245 | 118480.2708 | 80041.02564 | 22 | 14 | 48198.335 | 15335.83386 | 11205.74359 |
| | | | | 23 | 14 | 52404.73515 | 15949.26722 | 11205.74359 |
| | | | | 24 | 14 | 56870.52997 | 16587.23791 | 11205.74359 |

NOTE: Using these figures, the dispute involves approximately $5,381.50 per year, assuming appellant were to retire in 2007.