*Sean Wesley Ledbetter v. Tiffany S. Ledbetter*, No. 1161, September Term 2020, filed June 7, 2022, Opinion by Friedman, J.

**HEADNOTE:**

DIVORCE — SPOUSAL SUPPORT, ALLOWANCES, AND DISPOSITION OF PROPERTY — ALLOCATION OF PROPERTY AND LIABILITIES; EQUITABLE DISTRIBUTION — METHODS OF DISTRIBUTION — AWARD OF GROSS SUM; MONEY JUDGMENTS

When granting a monetary award under FL § 8-205, a trial court's identification, valuation, and equitable distribution of marital property occurs, constructively, all at the same time.

Circuit Court for Prince George's County
Case No. CAD19-04177

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1161

September Term, 2020

_____

SEAN WESLEY LEDBETTER

v.

TIFFANY S. LEDBETTER

_____

Friedman,
Ripken,
Murphy, Joseph F., Jr.
 (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Friedman, J.
_____

Filed: June 7, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This case concerns the division of the parties' marital property.

Under Maryland law, a trial court may grant a monetary award after a three-step venture: *first*, the trial court identifies the marital property; *second*, the trial court determines the value of the marital property; and *third*, the trial court makes an award if it determines that distribution of the marital property according to title would be inequitable. MD. CODE, FAM. LAW ("FL") §§ 8-203, 204, 205; *Doser v. Doser*, 106 Md. App. 329, 349-50 (1995).

In this case, however, Husband does not complain that the trial court erred in identifying, valuing, or determining that Wife was entitled to a $50,000 monetary award. Rather, Husband's sole claimed error is that the monetary award of $50,000 is too much because it exceeds the value of the marital property he owned. He is right, as far as that goes, that the monetary award cannot exceed the value of the marital property owned by the payor spouse. *Brewer v. Brewer*, 156 Md. App. 77, 109 (2004). He is wrong, however, that $50,000, in fact, exceeds the amount of the marital property he owns.

Husband's confusion is caused by an accident of timing. As often happens, parts of this case occurred on different dates.[1] But our law treats the marital property analysis as if it happened, constructively, all at the same time. *See, e.g.*, *Otley v. Otley*, 147 Md. App. 540, 554 (2002) (stating that marital property is determined on date of divorce). When

---

[1] Because they were valued earlier in the process, it created for Husband the illusion that the home and retirement assets were not part of the marital property calculation. This is why Husband thinks—erroneously—that there was insufficient marital property to fund the $50,000 monetary award.

properly treated as occurring at the same time, we can see that the trial court identified

$1,241,678 in marital property (including retirement assets),[2] of which the record reflects

that $86,104 was titled in Wife's name, $553,414 was titled in Husband's name (including

property titled in the name of Husband's business, Unique Property Investment Group,

LLC), and $602,160 was titled in both of their names (as tenants by the entireties).[3] The

record also reflects that the court considered the marital debt in ascertaining the value of

the marital property. From our review, we conclude that there was evidence that, at most,

---

[2] Sometimes trial courts conduct an equitable distribution of retirement assets before doing the monetary award and other times courts do it, as here, all together. *Compare Blake v. Blake*, 81 Md. App. 712, 724 n.5 (1990) (stating that value of retirement assets transferred reduces amount of marital property to be distributed through monetary award), *and Hoffman v. Hoffman*, 93 Md. App. 704, 719-20 (1992) (stating that trial court must determine amount awarded from spouse's pension to properly calculate monetary award), *with Long v. Long*, 129 Md. App. 554, 573-74 (2000) (suggesting interchangeable nature between transfer of retirement assets and monetary award in reaching equitable distribution), *and Otley*, 147 Md. App. at 558 (concluding that once trial court determines how much marital property each spouse should receive, then it distributes property through its desired method). The order of operations doesn't matter so long as the court keeps any remaining discrepancy in mind as it does the monetary award.

[3] Although Husband had a complex financial life, including his salary, real estate business and commissions therefrom, and private lending practices, Husband provided little information in discovery or at trial about the value of his assets. The trial court found that Husband "lack[ed] general credibility regarding the valuation of any portion of his financial affairs," that there were "many inaccuracies between his testimony and the evidence provided for review," and that Husband provided "no statements … to confirm his stated asset values." *See Omayaka v. Omayaka*, 417 Md. 643, 657 n.4 (2011) (stating that trier of fact may assume "better" evidence available would have revealed issues with party's case that less clear or reliable evidence presented did not disclose). Given these limitations, the trial court worked diligently to value the marital property. *See Brewer*, 156 Md. App. at 108 (stating that equity only requires court make "reasonable efforts" to value marital property as of date of divorce).

the marital debt totaled $519,000.[4] After subtracting the marital debt, therefore, Husband

had more than enough marital property from which to pay the monetary award.[5] While

_____

[4] For the purposes of this review, in which we need only ensure that there were sufficient marital assets from which to make the monetary award, it is sufficient for us to determine that the marital debt was, at most, $519,000. This amount includes the mortgage on the marital home and the home equity line of credit. It is unclear from the record whether the trial court made a finding concerning what the home equity line of credit was used for and whether it was marital debt. Under Maryland law, a home equity line of credit *may* be categorized as marital debt but only if it is used to acquire an interest in marital property. CYNTHIA CALLAHAN & THOMAS C. RIES, FADER'S MARYLAND FAMILY LAW § 13-13 (6th ed. 2016) (discussing marital debt). Here, in an abundance of caution, we include the whole home equity line of credit as a part of the marital debt. There was also some evidence of other debts, including a joint business debt and the parties' individual debts. The trial court found that these were nonmarital debts. *Schweizer v. Schweizer*, 301 Md. 626, 637 (1984) (stating that nonmarital debt cannot reduce value of marital property). We see no reason to disturb that finding. We, therefore, include the mortgage balance and the home equity line of credit but not these other debts and determine that, at most, the marital debt was $519,000.

[5] The trial court chose not to divide all of the marital property equally. Instead, the trial court ordered an equal division of the parties' retirement assets, but what it called an "equitable" but not necessarily equal distribution of the parties' other marital property. As a result, the math is a little complicated. And, a little ironically, Husband got more than he would have had the trial court equally divided the marital assets. Here's how the math worked:

- *First*, as to the retirement assets, Husband had $396,203, while Wife had $74,204. To create an equal division of those retirement assets, the trial court, in effect, ordered Husband to transfer $160,999.50 of his retirement assets to Wife.

- *Second*, there was $602,160 worth of marital property titled in both of the parties' names. This was principally the value of the parties' marital home. Moreover, as we discussed in footnote 4, there was, at most, $519,000 in marital debt. *See supra* n.4. When we deduct the marital debt from the attributable marital property, that results in $83,160 in marital property that was titled in both of their names. The trial court split the marital property titled in both of the parties' names in half (except it awarded the marital furniture to Husband) so that each party was entitled to $37,455.

3

Husband may not have the money today, that's not what's required by caselaw. Rather, we must ensure that Husband had sufficient marital property to fund the monetary award at the time the award was made.[6] We, therefore, hold that the trial court did not err or abuse its discretion in awarding $50,000 to Wife.

Husband also alleges that the trial court erred in determining that the minor child of the parties should continue in private school at the parties' joint expense. Determinations about whether to continue private schooling are committed to the sound discretion of the

---

- *Third*, each party retained the remaining marital property that was titled in each party's individual name. Husband had $392,414.50 in marital property that was titled in his name ($553,414-$160,999.50), while Wife had $86,104 of marital property that was titled in her name.

At that point, the trial court ordered Husband to transfer $50,000 to Wife as a monetary award. Because money is fungible, Husband could pay that award from any assets he holds. But because these computations occurred, at least constructively, at the same time, the order of operations doesn't matter. *See supra* n.2. And there is no way of doing the math—even crediting the maximum amount of marital debt, *see supra* n.4 ("at most")—under which Husband doesn't have $50,000 with which to pay the monetary award.

[6] The record reflects that Husband had in excess of $50,000 in marital property titled in his name at the time the monetary award was made. While *Brewer* holds that a monetary award cannot exceed the value of the marital property owned by the payor spouse, 156 Md. App. at 109, it does not stand for the proposition that an award cannot exceed the value owned by the payor spouse any time *after* the monetary award was made. Whether Husband still possesses all, some, or none of his marital property today does not affect the trial court's finding that he had sufficient resources at the time the monetary award was made.

Furthermore, the terms of the monetary award do not mandate that Husband have $50,000 in a bank account available to withdraw today. Husband is free to determine how he funds the award and what, if any, marital property he will liquidate. *Solomon v. Solomon*, 383 Md. 176, 192 n.13; 194 (2004) (holding that trial court could consider payor's large income and demonstrated borrowing ability when determining amount of monetary award under FL § 8-205(b) but rejecting payor's argument that "source of funds to pay [monetary] award" is mandatory "other factor" under provision).

4

trial court and, absent an abuse of that discretion, will not be overturned on appeal. *Ruiz v. Kinoshita*, 239 Md. App. 395, 425 (2018). After a careful study of the trial court record and the parties' briefs, we see no such abuse of discretion.

> **JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY IS AFFIRMED. COSTS TO BE PAID BY APPELLANT.**